WILLIAM S. CLEVELAND and Others v. JOHN A. ROWE.[1]

December 7, 1906.

Nos. 14,931—(78).

**Sale—Breach of Contract.**

In this, an action to recover damages for a breach of a contract to sell lumber, it is *held* that the trial court did not err in its rulings as to the admission of evidence and that the evidence sustains the verdict.

Action in the district court of Hennepin county to recover $828.29 for a breach of contract. The case was tried before Dickinson, J., and a jury, which returned a verdict in favor of plaintiff for $415. From an order denying a motion for a new trial, defendant appealed. Affirmed.

*Alvord C. Egelston,* for appellant.

*Woods, Kingman & Wallace,* for respondents.

START, C. J.

The plaintiffs are builders of grain elevators, and the defendant is a lumber merchant at Minneapolis. In July, 1905, at that city, the parties entered into a contract whereby the defendant agreed to sell and deliver to the plaintiffs lumber at a stipulated price, free on board at Munich, N. D., for four elevators which the plaintiffs then had a contract for building in North Dakota. The defendant delivered one-half of the lumber as agreed, but on August 14, 1905, he repudiated the contract and refused to deliver any more of the lumber. Thereupon the plaintiffs on the same day, at the city of Minneapolis, purchased at the market price the lumber which the defendant had refused to deliver pursuant to his contract, paying therefor $828 more than the price for which the defendant had agreed to sell it for. This action was brought to recover the damages, $828, which the plaintiff sustained by the defendant's repudiation of the contract. Verdict for the plaintiffs for $415, and the defendant appealed from an order denying his motion for a new trial.

Two general questions are raised by the assignments of error; (a)

[1] Reported in 109 N. W. 817.

Is the verdict sustained by the evidence? (b) Did the trial court err in its rulings as to the admission of evidence?

1. It was admitted that there was no lumber market at Munich, the place where the lumber was to be delivered, and that Crookston, this state, was the nearest market, and that the freight on the lumber from that place would have been materially less than from Minneapolis, and that the market price of lumber at Crookston was somewhat less than it was at Minneapolis. The plaintiffs, however, claimed on the trial that the lumber for prompt delivery could not have been obtained at Crookston at that time; hence they were justified in going into the open market at Minneapolis and purchasing the lumber to fill the contract. The trial court instructed the jury to the effect that the plaintiffs' damages were the difference between the contract price and the market price of the lumber at the time of the breach of the contract at the nearest convenient market where the lumber could be obtained, with the freight to the place of delivery added. If the lumber could have been obtained at Crookston for prompt delivery, the difference in the damages under the rule stated would have been some $160. It is apparent that the jury must have found that Minneapolis, under the circumstances, was the nearest convenient market in which lumber of the kind contracted for could be promptly procured, although they gave the plaintiffs only one-half of their actual loss, computed on the basis of the Minneapolis market. It is the defendant's contention that such finding of the jury is not sustained by the evidence. We are of the opinion that the evidence received on this question was sufficient to sustain the verdict.

2. The defendant urges that the court erred in permitting one of the plaintiffs to testify with reference to the lumber market at Minneapolis and Crookston, for the reason that he was not shown to be competent, and that he had no personal knowledge of the market in the northern part of the state. The competency of a witness is a preliminary question for the trial judge, and rests largely in his discretion. Meyers v. McAllister, 94 Minn. 510, 103 N. W. 564. It was shown that the witness was acquainted with the condition of the lumber market, and where lumber of the kind here in question could be purchased for prompt delivery. A person whose business is such that he is familiar with the value of an article which is the common

subject of sale is competent to testify to its market value, although he has no personal knowledge of any particular ·sales. The' trial court did not err in its rulings as to the competency of the witness, nor in receiving his testimony. We find no reversible errors in the record.

Order affirmed.