## SELOVER, BATES & COMPANY v. EDWIN J. FREEMAN.[1]

### July 1, 1910.

### Nos. 16,579—(147).

**Fraudulent representations — exchange — measure of damages.**

Plaintiff agreed to transfer land to defendant for mining stock held in escrow, to be delivered to plaintiff. Plaintiff's contract recited the payment of $3,000. Defendant gave an order for the stock. The stock was not delivered. Plaintiff sued in deceit. The jury found that the defendant did not own or have in possession of the custodian the said shares of stock, and awarded plaintiff damages for false and fraudulent misrepresentations. It is *held* that:

1. Plaintiff was entitled to recover the value of the property which he agreed to part with. Reynolds v. Franklin, 44 Minn. 30, followed and applied.

2. It was error to exclude evidence offered by defendant to show that the land was valueless.

[1]Reported in 127 N. W. 9.

3. The trial court properly granted a new trial because such evidence had been excluded.

4. Under the circumstances here presented, the defendant was not estopped to raise this question because he had waived it in the trial court.

Action in the district court for Hennepin county to recover $3,000 damages for false representations made in the exchange of certain mining stock for land. The complaint set out the order mentioned in the opinion which in terms acknowledged the receipt of $3,000. In his answer defendant denied making any representations whatever to plaintiff, and alleged that all the facts in relation thereto were known by plaintiff prior to March 30, 1904; that defendant acquired the stock through the assistance of plaintiff in connection with negotiations between defendant, the corporation issuing the stock, and plaintiff. The reply was a general denial. The case was tried before Dickinson, J., who denied defendant's motion for an instructed verdict, and a jury which returned a verdict in favor of plaintiff for $4,000, and also found that on March 30, 1904, defendant did not own ten thousand shares of stock unsold in the hands of Greer. From an order granting defendant's motion for a new trial, plaintiff appealed. Affirmed.

*A. W. Selover,* for appellant.

*W. A. McDowell,* for respondent.

JAGGARD, J.

Plaintiff and appellant, on March 30, 1904, agreed to transfer certain Colorado real estate for certain shares of mining stock, which the defendant represented he owned, then in the possession of one Greer in escrow. Plaintiff delivered to the defendant the contract for the future conveyance of the land. This contract recited the payment of $3,000, and provided for further payments of $3,720. Defendant then delivered to plaintiff a paper whereby he sold and transferred to plaintiff ten thousand shares of mining stock and an order on Greer for their delivery. The stock was not delivered. Plaintiff sued in deceit, alleging that the defendant at the time in question did not own or have in possession of said Greer the said shares of

stock. By its special verdict the jury found this true. By its gen-
eral verdict it awarded plaintiff $4,000 damages for false and fraud-
ulent representations. The court granted defendant's motion for a
new trial. From that order, plaintiff appealed.

The gist of the error assigned concerned the defendant's offer
"to show    *    *    *    that at or about the time of this transaction, or
shortly thereafter, he was on this land and examined it; that the
whole tract was a sand waste, grown up partly with sage brush, the
rest of it bunch grass, and that for agricultural purposes it was of
no value, and that the land was in fact worth no more than the in-
cumbrance against it when he took it—worth no more than the
unpaid part of the purchase price, the part which he agrees to pay
in the contract." This was excluded by the court on what it after-
wards regarded "an improper rule of damages." This discovered
error was the basis of the court's order granting a new trial. On the
motion for a new trial the court properly adopted the rule of dam-
ages announced in Reynolds v. Franklin, 44 Minn. 30, 46 N. W.
139, 20 Am. St. 540, to wit, that the plaintiff was entitled to recover
the value of the property which he had agreed to part with, namely,
the land to prove whose value the offer was made. See Fixen v.
Blake, 47 Minn. 540, 50 N. W. 612. The offer was therefore improp-
erly rejected.

Plaintiff insists, however, that the offer was properly rejected, be-
cause of the objection "that no proper foundation has been laid for
it." By this plaintiff explains that he meant that the witness had not
shown any expert knowledge, and that the offer was incomplete, be-
cause it did not contain all the elements necessary to make a prima
facie showing of expert knowledge. The determination of the quali-
fication of a witness, however, rests primarily in the discretion of the
trial court. Meyers v. McAllister, 94 Minn. 510, 103 N. W. 564;
Cleveland v. Rowe, 99 Minn. 444, 109 N. W. 817. Under the cir-
cumstances, abuse of discretion does not appear in conclusion that the
court should have received the evidence here presented, so far as this
objection is concerned. 17 Cyc. 112, note 62; Kansas City v. Vick-
roy, 46 Kan. 248, 20 Pac. 698. If this court were to be technical,
the form of the objection, moreover, might easily be considered as

insufficient. This view the court declines to take, just as it declines to take the further technical view that this offer was not pertinent to any relevant question. The situation was clear to the trial court. That suffices here. Accordingly we conclude that the initial error as to the exclusion of the testimony justified the trial court in granting a new trial.

The question then arises whether the defendant is estopped to raise this question because he waived it in the court below. The only evidence of waiver appears from the memorandum of the trial court, wherein it is said: "The court called the attention of counsel to [the error in the rule of damage] before the conclusion of the trial, and, either from unwillingness or unpreparedness to have the error rectified, counsel for both sides desired the case to go to the jury." The trial court was evidently satisfied that its apparently casual conversation or consultation with counsel did not involve any waiver of the question on the part of plaintiff. This court can at best only conjecture as to what actually occurred. It is contented with the conclusion announced by the trial court, familiar, as it was, with the actual facts.

Affirmed.