GERTRUDE HAIGH, Appellee, v. WHITE WAY LAUNDRY COMPANY, a Corporation, Appellant.

Fraud: SETTLEMENT FOR PERSONAL INJURY. The mere expression of
1   an erroneous opinion concerning the recovery of one injured, if honestly made, will not authorize the setting aside of a settlement for the injury; but if coupled with statements of fact concerning the nature and character of the injury which were not true, but having a direct bearing upon the extent of liability and likely to induce a belief in speedy recovery, will constitute ground for setting aside the settlement and release.

Same. The positive assertion of a fact as true when made for the pur-
2   pose of gaining an advantage, which is in good faith relied on and acted upon as true, is as binding upon the party making the statement as though he knew it to be untrue, and he will not be heard to say that he did not know that it was false at the time he made it.

*Appeal from Scott District Court.*—HON. WILLIAM THE-
OPHILUS, Judge.

WEDNESDAY, FEBRUARY 18, 1914.

ACTION to recover damages for personal injury. De-
fendant pleads settlement. Plaintiff replies alleging fraud
in procuring settlement. Demurrer to reply. Demurrer
overruled. Defendant appeals.—*Affirmed.*

*Ralph C. Williamson,* for appellant.

*Ely & Bush,* for appellee.

GAYNOR, J.—This is an action to recover damages for a
personal injury. The plaintiff claims in her petition that on
the 16th day of October, 1911, she was in the employ of the
defendant in and about its laundry, and while in the exer-
cise of due care on her part, her hand was caught and burned
in an unguarded mangle; that her injuries were caused by,
and due to, the negligence of the defendant, in this, that it
negligently, and in violation of the statute, maintained a
mangle without any guard of any kind thereon, and negli-
gently failed to warn the plaintiff of the danger thereof, and
negligently required the plaintiff to work at said mangle while
the same was unguarded; that, by reason of the injuries re-
ceived, she was crippled and disfigured. The defendant, an-
swering, said, among other things, that on the 31st of October,
1911, the plaintiff and defendant entered into a written con-
tract whereby they adjusted and settled any cause of action
which the plaintiff had by reason of the matters complained
of in her petition; said contract being in words and figures
as follows:

Whereas, the undersigned was injured on or about the
18th day of October, 1911, under circumstances claimed to

render White Way Laundry Company liable in damage; and whereas said White Way Laundry Company denies liability therefor; and whereas both parties desire to compromise and have agreed to adjust and settle the matter for the sum of thirty dollars: Now therefore, in consideration of said sum, the receipt of which is hereby acknowledged, I, Gertie Haigh, do for myself, my heirs, executors and administrators, hereby compromise said claim and release and forever discharge said White Way Laundry Company from any and all liability which has accrued or may hereafter accrue to myself, my heirs, executors and administrators, by reason of said injuries or damages accruing therefrom. Witness my hand and seal at Davenport, Iowa, this 31st day of October, 1911. Gertie Haigh.

The plaintiff, replying to this defense, states that the contract of release relied upon by the defendant was obtained by misrepresentation and by mistake as to the material facts of her injury, as follows:

That defendant, by its local representative, John Hynes, stated and represented to plaintiff, at and before the making of said written release, that plaintiff's injuries were trifling; that the tendons of her hand were not injured; that said injuries would not continue for more than two or three weeks longer; and that plaintiff would entirely recover therefrom, and her hand would be as well as ever. That plaintiff relied upon the truth of said representations and representations to the same effect made by one F. H. Brand, who treated plaintiff as a physician in the employment of defendant, and believed said representations to be true and consented to execute a written release upon the faith of said representations, but that in truth and in fact said representations were not true, and that the tendons of plaintiff's hand were injured; that her hand was permanently disabled; that she did not recover in two or three weeks thereafter, and has never completely recovered the use of her hand, but was compelled to submit to an exceedingly painful surgical operation, including the grafting of a large patch of skin from her body upon the palm of her hand and the loosening of the tendons thereof, and the repair of the sheath of the tendons, and was obliged

to submit to a third surgical operation to relieve certain contractions and attachments of the skin and flesh of the fingers and hand. That by reason of the misrepresentations and the mistake of the parties as to material matters of fact when executed, plaintiff is not bound thereby. Wherefore, plaintiff demands judgment as prayed in her original petition.

The defendant demurred to this reply on the ground that the allegations contained therein do not set out such representations or mistakes as to material facts, which, if proven, avoid the release pleaded by the defendant. This demurrer was overruled, and, from the ruling on the demurrer, the defendant appeals.

This case presents but one question, whether or not the allegations of the reply are sufficient, in and of themselves, to avoid the effect of the release executed by the plaintiff. There has been much discussion of this question in the books, and the line of demarcation is not clearly drawn, and it is sometimes difficult to distinguish the rule which affirms the settlement, and the rule that avoids the settlement, as the same has been applied to the facts in particular cases. Language is intended to convey ideas, to be a vehicle of thought. Its use, however, and the manner of its use, does not always clearly accomplish the purpose for which it was intended. There are, however, some general rules recognized and enforced in matters of this kind, and so well settled that no difficulty arises, in their application to a given state of facts, when the fact conditions are made plain, by the words used in setting them forth. In the pleading before us, there are many statements made, as a basis for avoiding the settlement, which, in and of themselves, do not have the effect contended for them. They are merely expressions of opinion, as to results to be anticipated in the future, from known and recognized conditions. There is no direct allegation that these opinions were not honestly given. There is no direct allegation

that they were given with the intent of leading the plaintiff into the execution of the release.

That the plaintiff's hand was injured, and that this was manifest and known to her, must be conceded. This independent fact was as well known to her as to the company. The length of time that would be required to heal

1. FRAUD: settlement for personal injury. was largely a matter of speculation, of opinion, based upon conditions then existing. An honest opinion given upon this matter could not constitute a fraud. The mere opinion, therefore, as to the time when she would recover from the injuries, standing alone, does not have the effect of avoiding the release relied upon. But in this case more than an opinion was given to induce settlement. Substantive facts were stated as a basis of the opinion, to wit, that the injuries were trifling; that the tendons of the hand were not injured. These are the assertions of distinct facts which had relation to, and direct bearing upon, the extent of the defendant's liability to the plaintiff; statements which, if true, tended to create in the mind of the plaintiff the impression "that she would entirely recover therefrom and her hand would be as well as ever."

A "misrepresentation" is that which, if accepted, leads the mind to an apprehension of a condition other and different from that which exists. Colloquially, it is understood to mean a statement made to deceive or mislead. Any statement made of a substantive fact, material to the proper understanding and a fair adjustment of the matter in hand, made with intent to deceive or mislead, and thereby secure an undue advantage, involves the element of fraud, and fraud vitiates all contracts.

It must be borne in mind that the reply shows that these statements were made before, and at the very time, the release was secured. The party making the statements represented the company, was there in the interests of the company. A jury might well find that it was his purpose to

secure, for the company, as favorable a settlement as possible. The representations, so far as this record shows (and a jury might well find it to be a fact), were made for the purpose of securing such a settlement for the company that they were made with the intent to mislead the plaintiff to the end that such a settlement might be effected. The plaintiff says defendant misrepresented the facts; that she relied upon his representations as true, and a jury might well find, from these ultimate facts, the further fact that she would not have signed the release had she known them to be untrue. Some courts have gone even so far as to hold that, a statement made to induce a settlement, to the effect that the injuries were trivial and temporary, when relied upon, may constitute such fraudulent conduct as will avoid the settlement.

The positive assertion of a material fact as true, made for the purpose of securing an undue advantage (when it is shown that the party to whom the statement was made, in good faith, relied and acted upon it as true), is 2. SAME.  as binding upon the party making it as though he knew it to be untrue. Or, in other words, a party cannot falsely assert a fact to be true and induce another to rely upon such statement to his prejudice, and thereafter hide behind a claim that he did not know it was false at the time he asserted it. To avoid a settlement of this kind, there must be proof of fraud. Where a false representation is relied upon as constituting fraud, it must be shown to have been knowingly made with intent to mislead, or that the party made the statement as true with no reasonable ground to believe it to be true, for the purpose of inducing the other to act. This question is discussed, and very nicely disposed of, in *Derry v. Peek*, 14 App. Cas. 337. This is an English case. So in this case, it is immaterial whether or not the company, by its agent, knew or did not know, whether the tendons of the plaintiff's hand were in fact injured, for the reason that the defendant, through its agent, asserted it as a

fact (and it was a material fact), for the purpose (and there could be no other purpose) of inducing the plaintiff to believe it was true, and that her injuries were trifling; that she would soon recover; that her damages were slight. The immateriality of the knowledge of the defendant of the truth or falsity of its statement becomes more apparent when it is shown that it was deliberately and intentionally made to secure an undue advantage, and that plaintiff believed the statement to be true, and, in such belief, was led into the execution of the release relied upon. The fraud consists in asserting that to be true which was not true; which the defendant did not know to be true; made with a wrongful purpose, and resulting in injury to the plaintiff. See, also, *Davis v. Central Land Co.*, 162 Iowa, 269.

The case of *Nason v. Railway Co.*, 140 Iowa, 534, relied upon by the defendant, does not aid us in the solution of the question here. In that case it was held that the only matter relied upon to avoid the release was that the assurance given by the doctor of an early recovery was subsequently proven to be incorrect, that there was no substantive fact stated by the doctor, as to the then condition of the injured, which was untrue, and the plaintiff himself said that in making the settlement he relied only upon the representation or predictions made by the doctor concerning an early recovery, and his right to avoid the release was based solely on the ground that the doctor was mistaken in his prognosis. The court in that case, in substance, held that, in the absence of some fact or circumstance justifying the conclusion that the statements were fraudulently made to deceive, or mislead, the injured party as to his then real condition, and thus aid the appellant in obtaining an advantageous settlement with him, the mere statement of an opinion, as to the probable future consequences to flow from the injury, was not sufficient to avoid the effect of the settlement. It is said, however, in that case that: ''We must not be understood as hold-

ing that expressions of professional opinion, by a surgeon in the employment of the party charged with the responsibility for a personal injury, when made to the injured person for the purpose of inducing a settlement of his claim for damages, may not constitute fraud and false representations; but we do hold that, to justify the conclusion of fraud, something more must be shown than that the opinion or representation has been proven incorrect."

The same thought runs through *Kilmartin v. C. B. & Q. Ry. Co.*, 137 Iowa, 64.

In *Houston & T. C. R. Co. v. Brown* (Tex.), 69 S. W. 651, a release of damages for broken arm was made by a railroad employee, in reliance upon the statement of the physician acting for the railroad company, made for the purpose of inducing the execution of the same, that the bones of the arm had knit together, and that the arm would be as good as ever. It was held that the release was not binding upon the employee even though the statement of the physician was made in good faith. The court said: "We cannot agree with the contention of appellant that it may escape liability on the ground that the representations and statements made . . . were a mere expression of opinion. It was more than an opinion—it was the statement of a fact. . . . It is true this statement may have been predicated upon his opinion as a medical expert, but the opinion is based upon facts of which he possessed knowledge. The fact that the statement made . . . was not intentionally false does not affect the right of the appellee to have the release set aside if he was misled by the statement, and executed the release, believing the statement to be true. In such case, innocent misrepresentation may as well be the basis of relief as where such statements were intentionally false."

In disposing of this case, we must take the allegation of the reply as true, and therein we find statements, made by

the defendant, of fact material to be considered in the proper adjustment of defendant's liability to the plaintiff. These statements are alleged to be untrue, and that the plaintiff relied upon the statements as being true, and therein lies the gravamen of the complaint in the reply, and we think, therefore, the demurrer was properly overruled, and the cause is affirmed.—*Affirmed.*

LADD, C. J., and DEEMER and WITHROW, JJ., concur.