# MARIE ALTHOFF v. OLE TORRISON.[1]

April 5, 1918.

No. 20,756.

**Fraud — release obtained by fraud may be set aside.**

1. A release of damages for personal injuries may be avoided by the releaser if procured by intentionally deceiving him and causing him to believe that his injuries were trivial when they were shown to be serious.

**Same — when misrepresentations as to injury were made in good faith.**

2. Such a release may also be avoided if procured by misrepresenting the character and extent of the injuries, although the representations were made in good faith with no intention to deceive, if the releaser was in fact misled into believing that injuries of a serious and permanent nature were merely superficial or temporary, but the misrepresentations must have related to the character or extent of the injury and not merely to the probable duration of disability.

**Same — when mistake of both parties related to unknown injury.**

3. Such a release may also be avoided on the ground of mutual mistake if a substantial injury existed which was not known and was not taken into account when the settlement was made and the release executed, unless it was expressly agreed that the release should apply to unknown as well as to known injuries.

**Same — questions for jury.**

4. In the present case the evidence justified the submission to the jury of the issue as to mutual mistake and also of the issue as to misrepresentation.

**Same — failure to return money received in settlement.**

5. The money received having been expended in payment of doctor bills before plaintiff learned of the injury which caused her permanent disability, her failure to return it did not operate as a ratification of the settlement.

**Principal and agent — authority of insurance adjuster given by indemnity policy.**

6. The settlement having been made by an insurance adjuster and it being necessary to show his authority to represent the defendant, it was

[1]Reported in 167 N. W. 119.

permissible to prove such authority by showing that he was acting un-
der the provisions of an indemnity policy issued to the defendant by
his company.

**Evidence of osteopathic practitioner.**

7. An osteopathic physician shown to have expert knowledge of the
matters concerning which he testified may testify as an expert.

Action in the district court for Hennepin county to recover $25,000
for injuries received in a collision with an automobile driven by de-
fendant's agents.   The answer alleged that plaintiff's claim had been
settled for $350 and she had received the money in the year 1914.   The
case was tried before Steele, J., who when plaintiff rested granted de-
fendant's motion to dismiss the action as to G. W. Torgeson and Good-
now Torrison, and denied a similar motion to dismiss as to Ole Tor-
rison, and a jury which returned a verdict for $10,500.   From an order
granting his motion for judgment notwithstanding the verdict or for a
new trial, unless plaintiff consented to a reduction of the verdict to
$7,500, defendant Ole Torrison appealed.   Affirmed.

*Briggs, Thygeson & Everall* and *Charles H. Weyl*, for appellant.

*Daniel F. Foley* and *Thomas C. Daggett*, for respondent.


TAYLOR, C.

Plaintiff was struck and injured by an automobile belonging to de-
fendant, Ole Torrison, and driven by one of his employees.   About two
months thereafter she made a settlement with him by which she re-
ceived $350 and released and discharged him from all liability for or
on account of the injuries sustained.   About two years later she brought
this action, alleging in effect among other things that she had sus-
tained injuries to her right knee and ankle; that agents and physicians
employed by defendant represented to her that these injuries were of a
minor and superficial nature from which she would fully recover within
a few weeks; that in reliance upon these representations she made the
above settlement; that these representations were false and were fraudu-
lently made for the purpose of inducing her to make the settlement and
execute a release; that the injuries to her knee and ankle were in fact
serious and permanent; that in addition to these injuries she had also

sustained an injury to her spine and the sacro iliac joint which was not known at the time of the settlement and which affected her nervous system and has caused a serious permanent disability; and that the settlement was made in the belief by all parties that the only injuries sustained were those to her knee and ankle, and that these were of a superficial and temporary character from which she would speedily recover.

At the trial the action was dismissed as to the defendants other than Ole Torrison and he will be designated as the defendant hereafter. Plaintiff recovered a verdict, and defendant made an alternative motion for judgment or for a new trial and appealed from the order denying the motion.

The first question presented is whether plaintiff is barred from maintaining this action by the release executed by her. The general rules to be applied in determining such questions are fairly well settled, and we will merely outline some of them briefly without attempting to indicate the various qualifications and exceptions to which they are subject.

If agents or physicians in the employ of the defendant procure a release by intentionally deceiving the plaintiff and causing him to believe that his injuries are trivial when they are known to be serious, the plaintiff is not concluded by such release. Viallet v. Consolidated Ry. & P. Co. [30 Utah, 260, 84 Pac. 496] 5 L.R.A.(N.S.) 663, and cases cited in note appended thereto.

If the plaintiff executed the release in reliance upon representations as to the character and extent of his injuries, made for the purpose of inducing a settlement by agents or physicians employed by the defendant, and such representations were not true, he may avoid the release, although the representations were made in good faith and with no intention to deceive; for they had the effect of causing him to be deceived as to a present existing fact—the character and extent of his injury—and amounted to a fraud in law notwithstanding the good faith of those making them. Jacobson v. Chicago, M. & St. P. Ry. Co. 132 Minn. 181, 156 N. W. 251, L. R. A. 1916D, 144; Vineseck v. Great Northern Ry. Co. 136 Minn. 96, 161 N. W. 494. But if the information given to the plaintiff concerning the nature and extent of his injuries was correct and he was not misled as to the consequences which ordinarily follow

from such injuries, the fact that an opinion as to the duration of his disability, honestly given, turns out to have been erroneous, is not a sufficient ground for avoiding the release. Nelson v. Chicago & N. W. Ry. Co. 111 Minn. 193, 126 N. W. 902, 20 Ann. Cas. 748; Haigh v. White Way Laundry Co. 164 Iowa, 143, 145 N. W. 473, 50 L.R.A.(N.S.) 1091.

Where the consideration paid for the release was intended as compensation, in whole or in part, for the injuries sustained, and it subsequently develops that a substantial injury existed which was not known to the parties when the settlement was made and consequently was not taken into account in fixing the amount of compensation, the release may be avoided on the ground of mutual mistake, unless the parties have clearly and expressly agreed that it should apply to unknown injuries as well 'as to known injuries. McIsaac v. McMurray, 77 N. H. 466, 93 Atl. 115, L. R. A. 1916B, 769; Great Northern Ry. Co. v. Fowler, 69 C. C. A. 106, 136 Fed. 118; Tatman v. Philadelphia B. & W. R. Co. 10 Del. 105, 85 Atl. 716.

The charge of the court permitted the jury to disregard the release and return a verdict for the plaintiff, if they found that she had been induced to execute the release by fraudulent misrepresentations concerning the injury to her leg, or if they found that she had sustained an injury to the sacro iliac joint, which by mutual mistake had not been taken into account when the settlement was made. Defendant insists that the evidence is not sufficient to sustain the verdict upon either ground, and further insists that, even if the evidence would sustain a finding of mutual mistake, it will not sustain a finding of fraudulent misrepresentation.

It is undisputed that the injuries to plaintiff's leg were the only injuries which were known or considered at the time of the settlement; that physicians acting for the defendant, after making a careful examination which included the use of the X-ray, represented in effect that they found the leg normal, except for a severe bruise of the knee from which plaintiff ought to recover within 9 or 10 weeks; that the physicians acted honestly and in good faith without any intention to deceive; that the settlement was made in reliance upon these representations, and that in fact the leg has never become normal, probably on account of an injury

to the nerves controlling the affected parts which was not discovered at the examination.

The evidence would justify the jury in finding, in addition to the undisputed facts, that the sacro iliac joint had been disarticulated causing a permanent disability, and that this injury was far more serious than the injuries taken into account in making the settlement and was not known at that time. The evidence would also justify the jury in finding that the nerves extending from the sacro iliac joint into the leg and knee had been injured by the dislocation of this joint, and that the present condition of the leg is attributable to the injury to these nerves. The evidence clearly warranted the submission to the jury of the issue as to mutual mistake, and we think it also warranted the submission to them of the issue as to misrepresentation. The evidence tended to prove an injury to the nerves of the leg which not only impeded its recovery but permanently impaired its usefulness. Conceding that the physicians acted in good faith in stating that they found the leg normal except for the bruises, yet the evidence would justify the jury in finding that they were mistaken, and that plaintiff had been misled by them into believing that the injuries to her leg consisted only of these bruises when in fact they included an injury to the nerves quite different in character and effect from what the bruises were represented to be. In other words, the evidence would justify a finding that they had not merely erred in an opinion as to the probable duration of the disability, but, although not intending to do so, had in fact misled plaintiff as to the character and extent of the injury to the leg—an existing fact "susceptible of knowledge."

Defendant further contends that after plaintiff had learned the true facts she retained and used the $350 paid to her and thereby ratified the settlement. Plaintiff testified that she had expended all this money in doctor bills long before she learned the cause of her continued and permanent disability, and there is no evidence to the contrary. This fact differentiates the present case from Valley v. Crookston Lumber Co. 128 Minn. 387, 151 N. W. 137, and brings it within the rule applied in Merrill v. Pike, 94 Minn. 186, 102 N. W. 393, and Marple v. Minneapolis & St. L. R. Co. 115 Minn. 262, 132 N. W. 333, Ann. Cas. 1912D, 1082. And in view of this condition of the evidence we think

that the inaccuracy, if any, in the charge of the court concerning the effect of retaining and using the money after knowledge of the facts does not constitute reversible error. The jury were properly instructed to apply the $350 in reduction of damages, if they found that plaintiff was entitled to recover.

The settlement was negotiated on behalf of defendant by Harvey M. Brothers, the adjuster for an insurance company, but statements made by him during the negotiations were objected to and excluded on the ground that his authority to represent the defendant had not been shown. To show such authority plaintiff called Brothers as a witness and he was permitted to testify, against defendant's objection, that his company had issued an automobile indemnity policy to the defendant. Defendant complains of the ruling admitting this testimony as error. Brothers further testified that he represented the insurance company directly and under the policy also represented the defendant. Ordinarily it would be error to admit the testimony objected to, but under the circumstances here shown such testimony was permissible for the purpose of connecting the defendant with the transaction.

An osteopathic physician, who was duly licensed to practice in this state, and who had treated the plaintiff, was permitted to testify as an expert concerning the character of her injuries and the consequences to be expected therefrom. Defendant insists that the reception of this testimony was error, on the ground that the witness was not qualified to testify as an expert. Whether a witness shall be permitted to testify as an expert rests largely in the discretion of the trial court. Selover, Bates & Co. v. Freeman, 111 Minn. 318, 127 N. W. 9; Spino v. Butler Bros. 113 Minn. 326, 129 N. W. 590. And his decision upon this question will be reversed only where the error is clear. Krahn v. J. L. Owens Co. 125 Minn. 33, 145 N. W. 626, 51 L.R.A.(N.S.) 650. The witness showed that he had made an extended study of the matters concerning which he testified and was familiar with them, and his testimony was properly received although he had not been licensed as a regular physician. Macon Ry. & L. Co. v. Mason, 123 Ga. 773, 51 S. E. 569.

Defendant complains of the amount of the verdict but as reduced by the trial court it is not so clearly excessive, in view of the seriousness

of the injury, as to warrant this court in interfering with it. The other assignments of error have not been overlooked but require no special mention.

Order affirmed.