## EDWARD SORENSON AND ANOTHER v. NEW YORK LIFE INSURANCE COMPANY.[1]

October 25, 1935.

No. 30,465.

*Rasmus Hage,* for appellants.

*Doherty, Rumble & Butler* and *Robert O. Sullivan,* for respondent.

[1]Reported in 262 N. W. 868.

LORING, JUSTICE.

In a suit by the beneficiaries to recover the face of a policy of insurance on the life of Signe Sorenson, who died August 24, 1929, of pulmonary tuberculosis, the plaintiffs had a verdict for the amount of the premiums paid upon the policy plus interest, and have appealed from the judgment entered after denial of their motion for a new trial.

December 15, 1927, Signe made written application to the defendant for life insurance. December 17, 1927, she was examined by the company's medical examiner and, on a written statement signed by her, several questions were falsely answered in regard to her having consulted physicians and as to her health. By the terms of this statement she declared that she had carefully read each and all of the questions and answers and that she waived on behalf of herself and any person claiming under the policy all provisions of law forbidding a physician from disclosing any knowledge or information which he had acquired in attending or examining her. As a matter of fact she had consulted two doctors, one of them as recently as September, 1926, with regard to symptoms of pulmonary tuberculosis. She paid her first premium in cash with the application, and the policy was issued under date of December 15, 1927, the date of her application. July 20, 1929, she made claim for disability benefits under the policy on the ground that she was totally and permanently disabled by reason of pulmonary tuberculosis. The defendant investigated her claim and upon the information so obtained sought to rescind the contract of insurance and tendered back the full amount of premiums it had received, with interest. However, in the meantime Signe had died, and proofs of death were submitted to and rejected by the defendant.

1. The beneficiaries brought suit for the face of the policy, and upon the trial the two doctors who had examined Signe prior to her application for insurance testified, over objection by the plaintiffs, that they found her suffering from pulmonary tuberculosis and had so advised her. The court relied upon the waiver contained in the application for insurance and admitted their testimony. With that testimony in the case the record is conclusive

that the denials of consultation with physicians and as to other material matters were false. But the plaintiffs assert that these questions were never read to her and that the examiner filled in the answers and had her sign them without reading them. Thus they claim that Signe practiced no fraud. That her answers were false and that they related to matters materially affecting the risk cannot be disputed. The rule announced in Shaughnessy v. New York L. Ins. Co. 163 Minn. 134, 137, 203 N. W. 600, 602, is conclusive against plaintiffs. It was there claimed that Mrs. Shaughnessy did not read the application before she signed it. This court said:

"She had the opportunity and the ability to read it, and, in these circumstances, the law does not permit a party to avoid his contract by showing that he did not know what it contained. Central Met. Bank v. Chippewa County State Bank, 160 Minn. 129, 199 N. W. 901; Quimby v. Shearer, 56 Minn. 534, 58 N. W. 155; Upton v. Tribilcock, 91 U. S. 45, 23 L. ed. 203; New York Life Ins. Co. v. Fletcher, 117 U. S. 519, 529, 6 Sup. Ct. 837, 29 L. ed. 934. In the case last cited the court said:

" 'It would introduce great uncertainty in all business transactions if a party making written proposals for a contract, with representations to induce its execution, would be allowed to show, after it had been obtained, that he did not know the contents of his proposals, and to enforce it, notwithstanding their falsity as to matters essential to its obligation and validity.' "

2. The plaintiffs contend that the waiver in the policy was not admissible under the proviso in 2 Mason Minn. St. 1927, § 9814(4). That contention presents a very serious question but one the solution of which is not necessary to this decision. It was proper to show that these physicians had been consulted. The reports of the sputum tests by the state board of health, which on this record were properly received, conclusively show that the tubercular bacilli were present in Signe's sputum. This was a symptom of a serious ailment, the presence of which defendant was entitled to know. Disclosure of the consultations with her doctors would have led to an investigation and examination which would have disclosed that

Signe was an extra hazardous risk. Without the doctors' testimony no reasonable person could draw any conclusion other than that Signe was aware of the threat to her health. Her correspondence with the doctor in charge of the sanatorium at Thief River Falls, which was admitted without objection, definitely shows her knowledge. She may, in her own mind, have minimized the danger, but that did not change the actual peril or bring it within the exception as to trivial and temporary disorders. As we look at the record, it presented a case for directed verdict even without the doctors' testimony admitted over objection.

The judgment appealed from is affirmed.

JULIUS J. OLSON, JUSTICE, having presided below, took no part.