ANTHONY T. BARILLA v. KENNETH CLAPSHAW.

237 N. W. 2d 830.

January 2, 1976—No. 45408.

438

■■■■■

*David W. Nord, Wozniak & Finley,* and *John T. Finley,* for appellant.

*Patrick F. Sullivan* and *Edward A. Towey,* for respondent.

Heard before Otis, Peterson, and Scott, JJ., and considered and decided by the court en banc.

PETERSON, JUSTICE.

Plaintiff sustained personal injuries in an automobile collision on July 6, 1972, allegedly caused by the negligence of defendant. His lawyer negotiated a settlement with defendant on April 24, 1973, in the amount of $3,250.[1] As part of the settlement, plaintiff executed a release "fully and forever releas[ing] and discharg[ing]" defendant "from all claims for all damages" sustained by plaintiff in that accident.[2] The release contained this additional language:

"I expressly intend and agree that this release applies to all of my claims arising from said accident, including, but not limited to, claims for known, unknown, latent, developed and undeveloped injuries; anticipated and unanticipated consequences, and known and unknown developments of any of such injuries; and claims as respects the nature, extent and permanency of any of such injuries."

---

[1] Plaintiff received in addition $2,383.05 from his workmen's compensation claim.

[2] At the top of the instrument in all capital letters were these words, "*CAUTION*—READ THIS RELEASE." At the bottom of the instrument, immediately before the place for plaintiff's signature, were these words in all capital letters. "CAUTION: READ BEFORE SIGNING. THEN SIGN BELOW." The instrument was signed in the presence of plaintiff's lawyer, who subscribed as a witness to his signature.

In February 1974 plaintiff commenced an action for injuries allegedly resulting from the July 6, 1972, collision, seeking damages in the sum of $80,000. Defendant, answering the complaint, pled the release and moved for summary judgment.

The district court judge granted summary judgment. Plaintiff, appealing from that judgment, acknowledges that parties may bargain to accept the risk of mistake as to unknown injuries, but he argues that whether they have done so presents a question of fact not determinable by summary judgment.

As provided in Rule 56.03, Rules of Civil Procedure, summary judgment shall be rendered if the affidavits and the relevant papers before the court show that there is no genuine issue as to any material fact and that one party is entitled to a judgment as a matter of law. No such genuine issue of fact appeared in this case; the entry of summary judgment was appropriate.

The issue raised in this case was whether the parties contemplated in their release contract that the defendant was to be released from claims for unknown injuries as well as known injuries. What the parties to a contract have agreed upon is, of course, a question of fact which must be inferred from the available evidentiary facts. Thus, if there is no genuine dispute as to these evidentiary facts, and if reasonable minds cannot differ as to whether the agreement contemplated a release as to unknown injuries, then the first test of the summary judgment standard is satisfied.

The moving party has the burden of showing that there is no genuine issue as to any material fact. The defendant bore his burden in this case by exhibiting the instrument of release together with an affidavit from his attorney showing that plaintiff was injured on July 6, 1972; that on April 24, 1973, for a valuable consideration, plaintiff executed the release which on its face included claims for unknown injuries; that the plaintiff first inquired into avoiding that release on August 26, 1973; that at all times both prior to and at the time of the release, plaintiff had the advice of a physician and legal counsel of his

own choosing; that there was no allegation that plaintiff was at any time incompetent to execute the release; and that plaintiff's lawyer actively engaged in negotiating the consideration paid to him for the release.

Plaintiff's countering affidavit from his attending physician did nothing to demonstrate there was any genuine issue as to whether the release covered unknown injuries. Dr. James Bellomo, the physician, averred that he had treated plaintiff following the date of the collision. His last report, prior to the date of settlement, was on December 20, 1972, at which time he gave a diagnosis of "acute lumbrosacral strain" and various other injuries. It was his opinion at that time that, despite some residual pain, plaintiff was gradually recovering and that no permanent disability was expected. As a result of a reexamination and consultation with other physicians in September 1973, Dr. Bellomo thereafter diagnosed plaintiff's condition as being an intervertebral disc problem at L4 with 25 percent partial disability. Dr. Bellomo concluded that this was an injury unknown at the time of settlement and that it was an independent injury, not merely a consequence of the lumbrosacral strain previously diagnosed. This showing, of course, does not go to the issue of whether the release was intended to cover unknown injuries. It does not in any way speak to the agreement of the parties to which the physician was in no way privy.

As we said in Schmidt v. Smith, 299 Minn. 103, 109, 216 N. W. 2d 669, 673 (1974); and Jeffries v. Gillitzer, 302 Minn. 402, 406, 225 N. W. 2d 17, 20 (1975):

"While this court in proper cases continues to recognize and protect the right of a releasor to avoid the release of a claim for unknown injury when such release was not intended, it has also recognized that the evidence as to finality can be conclusive when the release is executed under circumstances evincing basic fairness and both releasor and releasee clearly indicate in the instrument an intent to release all claims for both known and unknown injury."

The plaintiff failed to demonstrate on the affidavits, pleadings, answers to interrogatories, and admissions on file that there was any genuine issue whether the release extended to unknown injuries. The district court was therefore justified in concluding that it did extend to unknown injuries, and therefore that the plaintiff's claim is now unenforceable. Thus the defendant was entitled to judgment as a matter of law, and under Rule 56.03, Rules of Civil Procedure, summary judgment was appropriate.

Plaintiff has cited some of our previous decisions [3] in an effort to show that even though parties contract to release unknown injuries, if they are led to do so because of a mutual mistake as to the true extent of the injuries, then the release is not binding as to injuries unknown at the time of the release. Language in these same cases, however, indicates that if the parties really contract to release their claim for unknown injuries, the contract should be enforced. To say that a mistake as to the true extent of injuries will avoid a release of claims for unknown injuries is tantamount to saying that parties can never have an enforceable contract for settlement and release of these injuries. When the parties to a contract of release knowingly and voluntarily, with advice of counsel, agree to release all injuries, both known and unknown, they effectively assume the risk of mistake as to the nature and extent of the injuries. [4]

Affirmed.

---

[3] These include Doud v. Minneapolis St. Ry. Co. 259 Minn. 341, 107 N. W. 2d 521 (1961); Aronovitch v. Levy, 238 Minn. 237, 56 N. W. 2d 570 (1953); Larson v. Stowe, 228 Minn. 216, 36 N. W. 2d 601 (1949); Larson v. Sventek, 211 Minn. 385, 1 N. W. 2d 608 (1941); Mix v. Downing, 176 Minn. 156, 222 N. W. 913 (1929); Nygard v. Minneapolis St. Ry. Co. 147 Minn. 109, 179 N. W. 642 (1920); Althoff v. Torrison, 140 Minn. 8, 167 N. W. 119 (1918).

[4] See 13 Williston, Contracts (3 ed.) § 1543A.