AMDAHL, Justice.
 

 Prank Danelski, Jr., a passenger in his own automobile, was injured in a one-car accident on a Stearns County road on June 23, 1979. In May 1981 he brought this action against the county and Larry King, driver of the automobile, to recover for his injuries. The trial court granted the defendants’ motions for summary judgment on the ground that a release executed by plaintiff on May 23, 1980, settled his claim against King and also released his claim against the county. Having determined that the release did not necessarily have these effects and that the record shows the existence of issues of material fact, we reverse.
 

 Five days after the accident plaintiff retained John T. Burns as his attorney to litigate or obtain settlement of his claims against the defendants. At the time of the accident plaintiff had an automobile-liability and no-fault policy that he had purchased from Farmers Insurance Group through its agent, Dick Schulte. Following his retention by plaintiff, Burns notified Schulte of that fact, as plaintiff did himself in August 1979.
 

 In May 1981 Burns commenced this action. He then was apprised through King’s answer that plaintiff had executed the release in question a year earlier in consideration of Farmers’ payment to him of $25,000, the maximum liability coverage afforded King as an additional insured under plaintiff’s policy. Both defendants then moved
 
 *816
 
 for summary judgment on the ground that the action was barred by the release.
 

 That instrument, after identifying plaintiff as the releasor, purports to release plaintiff himself from
 

 all rights, claims, demands and damages of any kind, known or unknown, existing or arising in the future, from or related to personal injuries, death or property damages, arising from an accident that occurred on or about the 23rd day of June, 1979, at or near Avon Township, Minn.
 

 It also states:
 

 I understand that this is a
 
 compromise settlement of all my claims of every nature and kind whatsoever
 
 arising out of the accident referred to above, but is not an admission of liability. I understand that this is all the money or consideration I will receive from the
 
 above described parties
 
 as a result of this accident. I have read this release and understand it. (Emphasis added).
 

 To this was added in ink:
 

 Does not effect [sic] no-fault benefits— settlement under liability portion only!
 

 Without adverting either to the obvious misidentification of the releasee or to the added written material in the instrument, the trial court concluded that as a matter of law plaintiff had effectively released all claims arising out of the accident. In our view neither the release nor the affidavits submitted in support of and in opposition to the motions for summary judgment permit that conclusion.
 

 A release has been defined as a relinquishment, concession, or giving up of a right, claim, or privilege by the person in whom it exists to the person against whom it might have been enforced.
 
 Gronquist v. Olson,
 
 242 Minn. 119, 64 N.W.2d 159 (1954). The misidentification of plaintiff as the re-leasee is obviously meaningless; the failure to identify the intended releasee is a defect concerning which the affidavits were in conflict. Charles Schechter, a claims adjuster for Farmers, averred that he had negotiated with plaintiff to obtain the release of plaintiff’s claim against King, had intended to insert the name of King as releasee, and had failed to do so “purely by oversight.” Schechter stated also that in the negotiations he had told plaintiff that he (Schechter) “intended to settle only Da-nelski’s [plaintiff’s] personal injury liability claim against King and did not intend to ask Danelski to sign away or otherwise waive any rights that he might have under the above-mentioned policy to future first party, personal injury protection payments” from Farmers. He stated that he had added the handwritten provision and that “[t]here was a clear express understanding between Danelski and your affiant that the $25,000 paid by Farmers Insurance Group to Danelski was in full settlement of Danel-ski’s liability personal injury claim against Farmers’ additional insured, King.”
 

 Plaintiff claimed, on the other hand, that Schechter “never at any time talked about releasing Larry King, he only represented that they were paying the full amount of any benefits that affiant was entitled to under his policy, and that he did not waive any rights he might have by signing the release.” Plaintiff also averred that he had not intended to release any claim against King, and that Schechter never said “anything about underinsured coverage.”
 

 These affidavits clearly raise issues of fact concerning whether Schechter wrongfully concealed facts and misrepresented the purpose and effect of the release. Defendants nevertheless urge that they have not raised issues of material fact because the release was plainly intended to settle any and all claims arising out of the accident. They rely on the printed recital that plaintiff had understood that “this is a compromise settlement of all my claims of every nature and kind whatsoever arising out of the accident.” This apparently all-inclusive language was followed, however, by the handwritten provision (“Does not effect no-fault benefits — settlement under liability portion only!”). When a contract is printed in part and written in part, and the parts are inconsistent, the written one controls.
 
 See Associated Cinemas v. World
 
 
 *817
 

 Amusement Co.,
 
 201 Minn. 94, 276 N.W. 7 (1937). It appears that the written provision added to the release is susceptible of two interpretations — either that it merely restated that plaintiffs right to receive no-fault benefits was not affected by the instrument or that it released plaintiff’s claim against King to the extent that the $25,000 payment satisfied this claim. We are required to hold that the release is ambiguous and, viewed in the light most favorable to plaintiff as the nonmoving party, did not furnish grounds for granting defendants’ motion for summary judgment.
 

 As stated, the affidavits presented radically different versions of the negotiations which resulted in the execution of the release. If Schechter’s version is accepted, the added written provision is reconcilable with the intent elsewhere expressed that the release was a settlement of all claims plaintiff had arising out of the accident. If plaintiff’s version is credited, Schechter’s concealment or misrepresentations of fact concerning his purpose in negotiating the release and the identity of the releasee, his representations that plaintiff did not waive any rights by signing the release, and his failure to deal with plaintiff’s counsel would furnish grounds for avoiding the release except to the extent that the payment made thereunder discharged Farmers’ obligation to King as an additional insured under plaintiff’s policy.
 
 See Norris v. Cohen,
 
 223 Minn. 471, 27 N.W.2d 277 (1947);
 
 Jeffries v. Gillitzer,
 
 302 Minn. 402, 225 N.W.2d 17 (1975).
 

 We reverse the summary judgment and remand for further proceedings.
 

 Reversed and remanded.