David A. BEUKHOF, Appellant,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, a foreign
corporation, Respondent.

No. C3–83–1948.

Court of Appeals of Minnesota.

June 12, 1984.

Bruce P. Grostephan, Minneapolis, for appellant.

R. Gregory Stephens, Minneapolis, for respondent.

Heard, considered, and decided by POPO-VICH, C.J., and FORSBERG and RANDALL, JJ.

## OPINION

RANDALL, Judge.

This is an appeal from the entry of summary judgment in a declaratory judgment action brought by an injured pedestrian against his own insurance company for underinsured motorist benefits. The Hennepin County District Court entered summary judgment in favor of the insurance company after it determined that an accident involving only a motorcycle and a pedestrian was not a "motor vehicle accident," and thus did not trigger coverage. We affirm.

## FACTS

The facts in this case were stipulated by the parties. David Beukhof was struck by a motorcycle while running to catch a frisbee at a campground in Villard, Minnesota. The date of the accident was July 27, 1980. The operator of the motorcycle had liability insurance limits which were inadequate to compensate Beukhof for his injuries. On the date of the accident, Beukhof had a standard automobile policy of insurance with State Farm under which he had $50,000 of liability coverage. The premium for this policy had been paid prior to April 4, 1980, but State Farm had not made Beukhof an offer of underinsured motorist coverage equal to Beukhof's residual liability limits as required by Minn.Stat. § 65B.49, subd. 6(e), (repealed effective April 12, 1980). Beukhof made a claim for under-insured motorist benefits, and State Farm denied the claim.

At trial, the parties stipulated that the issues were (1) whether underinsured motorist coverage could be implied into an insurance policy for accidents occurring after repeal of the statute mandating its offer, and (2) whether a pedestrian injured by a motorcycle qualifies for underinsured motorist benefits. Both parties moved for summary judgment. The trial court ruled that, while underinsured motorist coverage was implied by law into Beukhof's policy, a pedestrian injured by a motorcycle does not qualify for underinsured motorist benefits.

## ISSUE

Is a pedestrian injured by a motorcycle entitled to recover statutorily implied underinsured motorist benefits?

## ANALYSIS

The underinsured motorist provision of the No-Fault Insurance Act was contained in Minn.Stat. § 65B.49, subd. 6(e). It provided that insurers had to offer underinsured motorist coverage, to be paid to insureds

"... for such uncompensated damages as they are legally entitled to recover on account of a *motor vehicle accident* because the total damages they are legally entitled to recover exceed the residual liability limit of the owner of the other vehicle ..." (emphasis added.)

"Motor vehicle" is defined in Minn.Stat. § 65B.43, subd. 2, as "every vehicle, other than a motorcycle or other vehicle with fewer than four wheels ...," and such definition applies "except where the context clearly indicates a different meaning." Minn.Stat. § 65B.43, subd. 1.

The district court in this case found the accident in which Beukhof was injured was not a motor vehicle accident, since no "motor vehicle" was involved, and the underinsured motorist coverage which was statutorily implied in his policy was never triggered. Beukhof, however, argues that the definition of "motor vehicle" in Minn.Stat. § 65B.49, subd. 4(3) (the uninsured motorist provision), should apply to underinsured coverage as well. Minn.Stat. § 65B.49, subd. 4(3) provides that " 'uninsured motor vehicle' means any motor vehicle or *motorcycle* for which a plan of repa-

ration security ... is not in effect." (emphasis added).

The definition of an uninsured motorist was amended in 1976 to add the "or motorcycle" language. Legislative history indicates that that addition was intended only to clarify the definition, not to add anything new. See Gudvangen v. Austin Mutual Ins. Co., 284 N.W.2d 813 (Minn. 1979). Beukhof asserts that because the Supreme Court determined the amendment was a clarification, a "motorcycle" should be considered a motor vehicle for purposes of underinsured coverage as well as for uninsured coverage, since the two coverages are otherwise similar. We agree that the two coverages do have similarities. The fact remains, however, that the legislature, when it amended Chapter 266, Laws 1976, and added "or motorcycle" to Minn. Stat. § 65B.49, subd. 4(3), did not specifically add language or clarify language to include motorcycles in the underinsured motorist provision as it did with uninsured motor vehicle coverage. The legislature's failure to amend the underinsured provision to include motorcycles in the definition of "motor vehicle" may not be explained as a legislative over-sight, since courts cannot supply that which the legislature purposely omits or inadvertently overlooks. We cannot amend the statute under the guise of construction. See Wallace v. Commissioner of Taxation, 289 Minn. 220, 184 N.W.2d 588 (1971). If the legislature had wished motorcycles to be considered motor vehicles for purposes of underinsured motorist coverage, it could easily have amended or clarified that section as well as the uninsured motorist section.

Language in American Motorist Insurance Company v. Sarvela, 327 N.W.2d 77 (Minn.1982), when quoted out of context, seems to determine this matter in Beukhof's favor: "Thus, underinsured coverage like uninsured is not subject to the Act's motorcycle exclusions." 327 N.W.2d at 78. When read in context, however, the case clearly holds the motorcycle exclusions to which underinsured coverage is not subject are those contained in Sec.

65B.46, subd. 3 (the basic economic loss benefits) of the No-Fault Act: "[F]or the purposes of sections 65B.41 to 65B.71, injuries suffered by a person while on, mounting or alighting from a motorcycle do not arise out of the maintenance or use of a motor vehicle although a motor vehicle is involved in the accident causing the injury." In other words, even though a motor vehicle may have been involved in an accident with a motorcycle, triggering coverage, no coverages provided by 65B.41 to 65B.71 (basic economic loss benefits) will be applicable to motorcycle drivers or passengers. Even in American Motorist, a "motor vehicle" as defined in 65B.43, subd. 2, was involved in the accident, thus making the accident a "motor vehicle accident" and triggering the underinsured coverage. In this case, there was no "motor vehicle" involved; the accident between Beukhof, a pedestrian, and the motorcyclist was not a "motor vehicle accident," and the underinsured motorist provision was therefore not triggered.

The case of Feick v. State Farm Mutual Auto Insurance Co., 307 N.W.2d 772 (Minn.1981) supports our determination. Beukhof's argument that Feick is only applicable to basic economic loss benefits indicates a misreading of the ground upon which the case was decided. In Feick, the plaintiff was injured in a collision between his bicycle and a motorcycle. Since no "motor vehicle," as defined by the No-Fault Act or by his insurance policy, was involved, the plaintiff was not entitled to payment of basic economic loss benefits. Feick could have been decided on the ground that § 65B.46, subd. 3, "prevents a passenger or driver of a motorcycle from recovering [economic loss] benefits even though he is struck by a motor vehicle as defined by statute." 307 N.W.2d at 775. If such had been the ground of decision, Feick would be inapplicable to this case. However, the court based its decision on the fact that no "motor vehicle" was involved. Thus, under Feick, a motorcyclist who is struck by an automobile or other "motor vehicle" is precluded from recover-

**358**

ing economic loss benefits under § 65B.46, subd. 3, but is *not* precluded from recovering underinsured motorist benefits, since a collision between a motorcycle and an automobile is a "motor vehicle accident." On the other hand, where there has been no "motor vehicle accident" because there was no motor vehicle involved, an insured may not recover underinsured motorist benefits.

■ Beukhof contends that even if, as a pedestrian injured by a motorcycle, he would not be entitled to underinsured motorist benefits under the terms of the statute, the terms of State Farm's standard underinsured motorist clause are broader than those mandated by statute, and he should thus be granted coverage under the policy. Beukhof's underinsured coverage, however, was not contracted for; it was imposed by law after State Farm had failed to make a mandatory offer of underinsured coverage. Imposing coverage in such cases is a harsh remedy; courts rarely impose contract terms upon parties. Since all that insurance companies were required to offer under the now repealed Sec. 65B.49, subd. 6(e) was the statutory minimum optional underinsured coverage, it logically follows that as a remedy for insurer's failure to make the mandatory offer, all that should be imposed is the statutory minimum coverage. The underinsured motorist provisions of any State Farm policy, standard or not, are irrelevant.

### DECISION

A pedestrian injured in an accident with a motorcycle is not entitled to recover statutorily implied underinsured motorist benefits, since no "motor vehicle accident" occurred to trigger coverage.

AFFIRMED.