**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant,**

v.

**Sharon FELDMAN, Respondent,**

**Farm Bureau Mutual Insurance Company, Respondent.**

**No. C9-84-975.**

Court of Appeals of Minnesota.

Dec. 11, 1984.

Michael J. Ford, Quinlivan, Sherwood, Spellacy & Tarvestad, P.A., St. Cloud, for State Farm Mut. Auto. Ins. Co.

Steven L. Gawron, Fluegel, Anderson, Dalager & Gawron, Chartered, Morris, for Sharon Feldman.

William W. Thompson, Schmidt, Thompson, Thompson & Johnson, P.A., Willmar, for Farm Bureau Mut. Ins. Co.

Heard, considered and decided by LANSING, P.J., and HUSPENI and CRIPPEN, JJ.

## OPINION

LANSING, Judge.

State Farm Mutual Automobile Insurance Company (State Farm) brought a declaratory judgment action seeking a determination of uninsured motorist protection benefits and basic economic loss benefits owed its insured, Sharon L. Feldman. State Farm, Feldman, and Farm Bureau Mutual Insurance Company (Farm Bureau) brought cross-motions for summary judgment. State Farm appeals from a judgment entered in favor of Feldman and Farm Bureau determining that State Farm rather than Farm Bureau had the primary duty to provide Feldman's basic economic loss benefits. We affirm as modified.

## FACTS

On November 24, 1977, respondent Sharon Feldman, a passenger in a car owned and operated by her mother, Mary Lou Smith, was injured when the car was struck head-on by an intoxicated, uninsured driver. The accident occurred in Minnesota, and Feldman's injuries were initially treated in a Minnesota hospital. Smith was a Minnesota resident, and her car was insured under a policy issued in Minnesota by Farm Bureau.

Feldman was a Colorado resident at the time of the accident, insured under a policy issued in Colorado by State Farm. Feldman had flown to Minnesota to visit her family, and her car was in Colorado at the time of the accident.

Feldman moved to Minnesota in June 1983 and in August 1983 submitted for arbitration the issues of medical expense, wage loss, and general damages under both the Farm Bureau and State Farm insurance policies. Before the arbitrators convened, State Farm began a declaratory judgment action to determine uninsured motorist protection benefits and basic economic loss benefits due Feldman. The trial court applied Minnesota law and found State Farm primarily responsible for Feldman's demand for basic economic loss benefits. The arbitration, by which all parties agreed to be bound, assessed Feldman's medical expenses at $37,000.

State Farm claims on appeal that the trial court should have applied Colorado law rather than Minnesota law to determine priority for basic economic loss benefits. Under Colorado law Farm Bureau would have been primarily liable. State Farm also claims that if this court affirms the trial court's application of Minnesota law, State Farm should be liable only up to the $20,000 statutory minimum payment for medical expense losses provided under Minn.Stat. § 65B.44, subd. 1(a) (1982), rather than Feldman's full loss of $37,000.

## ISSUES

1. Does the Minnesota No-Fault Act obligate an automobile insurer licensed in Minnesota to provide basic economic loss benefits for an accident occurring in Minnesota even though the insured is a nonresident whose vehicle was not in Minnesota at the time of the accident?

2. Is an insurer primarily liable for more than the statutory minimum payment for basic economic loss benefits when the insurer's obligation is imposed by law rather than according to the terms of the insurance contract?

## ANALYSIS

### I

State Farm objects to the application of Minn.Stat. § 65B.47, subd. 4(a) (1982), under which the duty to respond to claims for basic economic loss benefits lies with the insurer issuing the policy "under which the injured person is an insured," here, State Farm. This issue was raised in *Western National Mutual Insurance Co. v. State Farm Insurance*, 353 N.W.2d 169 (Minn. Ct.App.1984). In *Western* this court, interpreting the language of Minn.Stat. § 65B.50 (1982) and the Minnesota Supreme Court's decision in *Petty v. Allstate Insurance Company*, 290 N.W.2d 763 (Minn.1980), held that an insurer licensed to do business in Minnesota had to afford basic economic loss benefits to a nonresident policyholder on an accident occurring in Minnesota even though the policyholder's vehicle was not present in Minnesota at the time of the accident. *See Western*, 353 N.W.2d at 171–73.

In *Western* this court also held that contacts almost identical to State Farm's contacts in the present case were sufficient to allow application of Minnesota law and that this application did not violate constitutional requirements of due process. *See Western*, 353 N.W.2d at 173–74. Therefore, on the basis of *Western*, this court affirms the trial court's determination that State Farm owes Feldman the duty to respond to her demand for basic economic loss benefits.

### II

State Farm claims that if this court applies Minn.Stat. § 65B.47, subd. 4(a), to find State Farm primarily liable for Feldman's basic economic loss claim, State Farm should be liable for only the $20,000 statutory minimum payment for medical expense losses required under Minn.Stat. § 65B.44, subd. 1(a), rather than Feldman's full claim of $37,000.

Feldman's State Farm policy provides for $50,000 in medical expense benefits, which would cover Feldman's full $37,000 claim. In accordance with Colorado law, however, the policy provides for primary coverage by the insurer of the vehicle (here, Smith's) out of the use of which the accident arose. Farm Bureau insured Smith's vehicle. By imposing priority for payment on State Farm, therefore, this court is imposing a duty on State Farm different from that under its contract with Feldman. In *Beukhof v. State Farm Mutual Automobile Insurance Co.*, 349 N.W.2d 355 (Minn.Ct. App.1984), this court discussed imposing coverage on parties by law rather than by contract and determined that the only coverage appropriately imposed in such cases is the "statutory minimum coverage." *Id.* at 358.

The statutory minimum coverage required of insurers under the Minnesota No-Fault Act is stated in Minn.Stat. § 65B.50, subd. 1 (1982), under which every automobile insurer licensed to write insurance in Minnesota must provide "at least the minimum security provided by section 65B.49 to all policyholders." Section 65B.49, subd. 2 (1982), requires insurers to provide for payment of "basic economic loss benefits." "Basic economic loss benefits" consist of, *inter alia*, "$20,000 for medical expense loss arising out of injury to any one person." *Id.* § 65B.44, subd. 1(a).

Because coverage is imposed on State Farm by law in return for the privilege of doing business in Minnesota rather than under its contract terms, we decline to hold State Farm primarily liable to the full extent of the medical expense benefits for which it contracted with Feldman. Instead we hold State Farm primarily liable for the statutory minimum required under Minnesota law, $20,000.

## DECISION

State Farm is primarily liable for Feldman's claim for medical expense loss, up to the statutory minimum required under Minnesota law. The remainder of Feldman's claim for medical expense losses should be made up from the residual portion of Farm Bureau's uninsured motorist coverage.

Affirmed as modified.