**David A. BEUKHOF,**
**Petitioner, Appellant,**

v.

**STATE FARM AUTOMOBILE**
**INSURANCE COMPANY,**
**Respondent.**

**No. C3–83–1948.**

Supreme Court of Minnesota.

July 26, 1985.

Bruce P. Grostephan, Minneapolis, for appellant.

R. Gregory Stephens, Minneapolis, for respondent.

Michael C. Snyder, Minneapolis, amicus curiae.

**OPINION**

SCOTT, Justice.

This case arises out of injuries petitioner David A. Beukhof (Beukhof) sustained as a pedestrian on July 27, 1980, when he was struck by a motorcycle. After recovering against the limits of the motorcycle driver's policy, Beukhof subsequently commenced an action against State Farm Automobile Insurance Company (State Farm), his own liability insurer, to have underinsured benefits implied as a matter of law. State Farm denied benefits, alleging that the plaintiff was not entitled to recover statutorily mandated underinsured motorist benefits because the underinsured motorist coverage which was provided by statute did not apply to a motorcycle-pedestrian accident. Both parties moved for summary judgment. The district court reasoned that repeal of Minn.Stat. § 65B.49, subd. 6(e) (1978) (repealed April 12, 1980), did not affect existing contracts of insurance. Therefore, underinsured motorist coverage was implied as a matter of law. Nevertheless, the district court determined that the definition of motor vehicle contained in Minn.Stat. § 65B.43, subd. 2 (1984), clearly excluded motorcycles. Therefore, the district court granted State Farm's motion for summary judgment and denied that of Beukhof. Beukhof then appealed to the Minnesota Court of Appeals, which affirmed judgment in favor of State Farm. *Beukhof v. State Farm Mutual Automobile Ins. Co.*, 349 N.W.2d 355 (Minn.App. 1984). Beukhof petitioned this court for further review of the court of appeals' decision. The Minnesota Trial Lawyers Association received permission to file a brief as amicus curiae before this court. We affirm the court of appeals.

The facts in this case were stipulated to by the parties. David Beukhof was struck by a motorcycle while running to catch a frisbee at a campground in Villard, Minnesota, on July 27, 1980. The motorcycle driver's liability insurance was insufficient to compensate Beukhof for his injuries. On the day of the accident Beukhof had a standard automobile policy of insurance with State Farm under which he had $50,000 of liability coverage. The premium for the policy had been paid prior to April 4, 1980. State Farm had not made Beukhof an offer of underinsured motorist coverage equal to Beukhof's residual liability limits as required by Minn.Stat. § 65B.49, subd. 6(e) (repealed April 12, 1980). When State Farm refused to pay underinsurance benefits, Beukhof commenced an action against State Farm.

The issues presented by this appeal are:

(1) Was the court of appeals correct in holding that a pedestrian-motorcycle accident does not fall within the scope of statutorily mandated underinsured motorist coverage?

(2) Was the court of appeals correct in refusing to impose the policy provisions?

1. It has been stipulated that the insurer did not make a meaningful offer of coverage to the petitioner. Although the pertinent statute, Minn.Stat. § 65B.49, subd. 6(e) (1978),[1] was nonexistent at the time of this accident, coverage was contracted for at the time the premium was paid; therefore, the district court correctly implied by law the underinsured statutory

1. Minn.Stat. § 65B.49, subd. 6(e) (1978) provided:

Subd. 6. **Mandatory offer; added coverage.** Reparation obligors shall offer the following optional coverages in addition to compulsory coverages:

\* \* \* \* \* \*

(e) Underinsured motorist coverage offered in an amount at least equal to the insured's residual liability limits and also at lower limits which the insured may select, whereby the reparation obligor agrees to pay damages the insured is legally entitled to recover on account of a motor vehicle accident but which are uncompensated because the total damages exceed the residual bodily injury liability limit of the owner of the other vehicle. The reparation obligor is subrogated to any amounts it pays and upon payment has an assignment of the judgment if any against the other person to the extent of the money it pays; \* \* \*.

provisions. It nevertheless held that the insured could not recover underinsured benefits because the accident did not involve an automobile. The court of appeals affirmed the district court's holding that a pedestrian involved in a motorcycle accident not involving an automobile cannot recover underinsured motorist benefits. The appellate court concluded that an accident between a pedestrian and a motorcyclist was not a "motor vehicle accident" and therefore the underinsured provision was not triggered. *Beukhof,* 349 N.W.2d at 358.

The specific issue of first impression before this court is whether a pedestrian who is injured by a motorcycle will be denied underinsured benefits if no automobile is involved in the accident. The underinsured motorist provision of the Minnesota No Fault Automobile Insurance Act (No Fault Act) (Minn.Stat. § 65B.41 *et seq.* (1984)) was included in Minn.Stat. § 65B.49, subd. 6(e) (1978), *repealed by* Act of April 11, 1980, ch. 539, § 7, 1980 Minn.Laws 700, 702.[2] That statute provided that insurers must offer underinsured motorist coverage to insureds for "damages the insured is legally entitled to recover on account of a *motor vehicle accident* but which are uncompensated because the total damages exceed the residual bodily injury liability limit of the owner of the other vehicle." Minn. Stat. § 65B.49, subd. 6(e) (1978) (emphasis added).

In view of the statute, the question becomes what definition of "motor vehicle" is appropriate in order for an insured to recover underinsured benefits from his insurance company, when the benefits are implied by law. The definition of "motor vehicle" that the trial court and the court of appeals used in their decisions was that included in the definitional section of the

No Fault Act, Minn.Stat. § 65B.43, subd. 2 (1984): "every vehicle, *other than a motorcycle* or other vehicle with fewer than four wheels, * * * *" (emphasis added), and such definition applies "except where the context clearly indicates a different meaning." Minn.Stat. § 65B.43, subd. 1 (1984).

Beukhof maintains that the definition of motor vehicle in the instant case should be commensurate with the uninsured motorist provision, Minn.Stat. § 65B.49, subd. 4(3) (1984), where *uninsured* motor vehicle "means any motor vehicle *or motorcycle* for which a plan of reparation security * * is not in effect." (Emphasis added.) The "or motorcycle" language was added by amendment to the statute in 1977. Act of May 25, 1977, ch. 266, § 2, 1977 Minn.Laws 437. This court has termed the legislative amendment a "clarification," as opposed to an intent to add something new. *See Gudvangen v. Austin Mutual Insurance Co.,* 284 N.W.2d 813 (Minn.1978), *aff'd on rehearing,* 284 N.W.2d 817 (1979), *appeal dismissed,* 444 U.S. 1062, 100 S.Ct. 1002, 62 L.Ed.2d 745 (1980).

Beukhof uses language in *American Motorist Insurance Company v. Sarvela,* 327 N.W.2d 77 (Minn.1982), to bolster his argument. In that case this court said, "Thus, underinsured coverage like uninsured is not subject to the Act's motorcycle exclusions." 327 N.W.2d at 78. Sarvela was riding a motorcycle when she was struck by an automobile. After recovering the limits of the automobile driver's policy and her motorcycle's underinsured policy, Sarvela attempted to recover under her own automobile policy's underinsured provision. This court determined that the exclusions contained in Minn.Stat. § 65B.46, subd. 3 (1980), applied only to basic economic loss benefits and not to underinsured

---

**2.** Prior to enactment of the No Fault Act, the underinsurance statute clearly excluded motorcycles. That statute provided for "underinsured motorist coverage, whereby subject to the terms and conditions of such coverage the insurance company agrees to pay its own insured for such uncompensated damages as he may recover on account of an *automobile accident* * * *." Minn.Stat. § 65B.26(d) (1971) (emphasis add-

ed). "Automobile" was defined to specifically exclude motorcycles. *See* Minn.Stat. § 65B.24, subd. 2 (1971) (both statutes *repealed by* Act of April 11, 1974, ch. 408, § 33, 1974 Minn.Laws 762, 786). This court has said that underinsured provisions were incorporated into the No Fault Act unchanged. *American Motorist Insurance Co. v. Sarvela,* 327 N.W.2d 77, 78 (Minn. 1982).

benefits. *Id.* ("For the purposes of sections 65B.41 to 65B.71, injuries suffered by a person while on, mounting or alighting from a motorcycle do not arise out of the * * * use of a motor vehicle * * *." Minn. Stat. § 65B.46, subd. 3 (1980).)

Beukhof's reliance on *Sarvela* in support of his position is misplaced for two reasons. First, *Sarvela* did not address the narrow issue now presented to this court. *Sarvela* held only that the motorcycle exclusions *particularly referred to* in that case (Minn.Stat. § 65B.46, subd. 3 (1980)) affected only basic economic loss benefits. More significantly, *Sarvela* arose from an accident that involved an automobile. Clearly, no automobile was present or involved in the instant case.

This issue must also be viewed in light of two other decisions by this court, *Gudvangen v. Austin Mutual Insurance Co.,* 284 N.W.2d 813 (Minn.1978), and *Feick v. State Farm Mutual Auto Insurance Co.,* 307 N.W.2d 772 (Minn.1981). In *Gudvangen,* a minor was injured while a passenger on an uninsured motorcycle when it collided with an uninsured automobile. The father of the minor attempted to recover under the uninsured provisions of his automobile policy. The accident occurred prior to the amendment adding "or motorcycle" to the uninsured definition, but the amendment was available to the court at the time of decision. This court held that "the limited definition of motor vehicle in § 65B.43, subd. 2, was never intended to apply to uninsured motorist coverage." 284 N.W.2d at 817. As a result, plaintiff was allowed compensation from his own carrier for the injuries sustained by his daughter. The court stated that the policy behind required uninsured motorist benefits "is to expand the number of persons who will in fact be protected against uninsured motorists." 284 N.W.2d at 816, n. 5.

On the other hand, in *Feick,* the issue was whether a motorcycle was a motor vehicle under § 65B.46, subd. 1 (1980), for purposes of entitling a bicyclist injured in a collision with a motorcycle to basic economic loss benefits. 307 N.W.2d at 773. This court held that since no motor vehicle as defined by the No Fault Act, § 65B.43, subd. 2, or the policy was involved, plaintiff was not entitled to payment of basic economic loss benefits. *Id.* at 774.

■ Reading these two cases together in light of the statute, we are compelled to conclude that an automobile must be involved in the accident in order for the injured person to recover underinsured benefits. Minnesota Statutes § 65B.43 (1984) clearly provides that the definition of motor vehicle excluding a motorcycle is intended to apply "except where the context clearly indicates a different meaning." While the statutes are similar, they are distinguished by a definition of motor vehicle, present in the uninsured provision and noticeably absent in the underinsured provision. In *Feick,* when looking at the same definition of "motor vehicle" that applies in the instant case, we clearly stated that the presence of an automobile was a condition precedent to receiving benefits.

However compelling it may seem to alter the result of an ultimate difference to the victim conditioned upon whether he was hit by an uninsured or underinsured motorcycle, or a motorcycle rather than an automobile, that result is mandated. At the time the legislature amended the uninsured definition of motor vehicle to include motorcycles, it also made other (computational) amendments to the underinsured provision. *See* Act of May 25, 1977, ch. 266, § 3, 1977 Minn.Laws 437, 438. If the legislature had intended to amend the underinsured provision it could have done so, and this court cannot construe such an amendment. *See Wallace v. Commissioner of Taxation,* 289 Minn. 220, 184 N.W.2d 588 (1971). For these reasons, we affirm the decisions of both the district court and the court of appeals that an automobile must be involved in the accident in order to trigger underinsured benefits.

2. Beukhof argued to the court of appeals that even if he is not entitled to underinsured benefits under the statute, the terms of State Farm's standard underinsured motorist clause are broader than

those mandated by statute and he should thus be granted coverage under the policy. The court of appeals rejected this argument, and said that when provisions were implied by law, all that the insurance companies were required to offer under the now-repealed statute were the statutory minimum optional underinsured coverages. Therefore, it logically follows that as a remedy for the insurer's failure to make the mandatory offer, only the statutory minimum coverage should be imposed. *Beukhof,* 349 N.W.2d at 358.

The State Farm underinsured provision defines an underinsured motor vehicle as a *land motor vehicle* with liability amounts less than those needed to compensate the injured for damages. Even if motorcycles were to be included in State Farm's reference to land motor vehicle, Beukhof's argument is unwarranted. His argument is that the theory of implying underinsured benefits if a reasonable offer is not made to the insured is based on the assumption that had the insurer made the offer, the insured would have purchased under the policy. Because he would have bought under the policy, he argues, the policy provisions should govern. While this is a facially attractive argument, under closer scrutiny it appears in the instant case to force upon the insurance company something that is not present in the statute. If coverage is to be imposed by statute, the statute's provision should govern, exclusive of the policy.

Beukhof's citation of *Kuchenmeister v. Illinois Farmers Insurance Company,* 310 N.W.2d 86 (Minn.1981), is inapplicable to the instant case. In *Kuchenmeister,* we merely held that if an insurance company fails to make the mandatory offer of underinsured coverage and an automobile accident occurs that clearly falls under the optional underinsured coverage required to be offered, that coverage is implied by law as included in the insured's policy at the time of the accident. *Id.* at 88–89. In the case at hand, the accident did not *clearly* fall under the optional underinsured coverage required to be offered. No automobile

was involved. The motorcycle exclusion is applicable and there is no coverage under the law.

We affirm the court of appeals on both issues.

COYNE, J., took no part in the consideration or decision of this case.