Beverly DORN, Respondent,

v.

**LIBERTY MUTUAL FIRE INSURANCE COMPANY, Petitioner, Appellant.**

No. C3–86–250.

Supreme Court of Minnesota.

March 6, 1987.

Michael S. Kreidler, Minneapolis, for appellant.

Douglas E. Schmidt, Minneapolis, for respondent.

YETKA, Justice.

This case comes on appeal from the court of appeals' decision based on its reading of the relevant statute that appellant's insurance policy covered injuries suffered by respondent in an automobile accident. We affirm in part, but reverse the award of $60,000 and remand to the trial court for entry of judgment for $25,000.

The facts giving rise to this lawsuit have been stipulated to by the two parties. Beverly Dorn was involved in a motor vehicle accident on June 19, 1978, while riding as a passenger in an automobile operated by her daughter, Wanda Lucius. There was a second motor vehicle involved in this accident which was owned and operated by Diane Kay Onken. There was no automobile liability insurance in effect on the Onken automobile at the time of the subject acci-

dent and Onken was uninsured. At the time of the accident, there was in effect a policy of automobile liability insurance issued by appellant Liberty Mutual Fire Insurance Company (Liberty Mutual) to Walter Lucius, the husband of Wanda Lucius. This policy of insurance provided coverage for two motor vehicles owned by Walter Lucius and included uninsured motorist coverage which provided $60,000 in uninsured motorist coverage for each person/each accident.

The injuries and damages sustained by Wanda Lucius were of a serious and permanent nature and she subsequently applied to Liberty Mutual for payment of the limits of the uninsured motorist coverage provided by its policy. On May 21, 1982, Wanda Lucius accepted the sum of $120,000 in uninsured motorist benefits, the limits of such coverage under the policy. Respondent Dorn admits that the settlement of the uninsured motorist claim of Wanda Lucius in the amount of $120,000 was reasonable and provident.

Dorn subsequently notified Liberty Mutual on March 27, 1984, nearly 2 years later, of her intent to present a claim for uninsured motorist benefits. The parties arbitrated the uninsured motorist claim of Dorn against Liberty Mutual for the purpose of determining the value of that claim. The arbitrator decided that the uninsured motorists claim of Beverly Dorn was worth in excess of $60,000.

On January 17, 1985, the present lawsuit was commenced in district court. The court found that Liberty Mutual's policy did cover Dorn's injuries, and the court of appeals affirmed that decision. Both awarded Dorn $60,000.

The issues raised on appeal are:

I. Does the insurance policy provide a single limit to recovery from an accident regardless of the number injured?

II. What are the policy limits if the policy is found statutorily invalid?

The face sheet of the policy limits underinsured motorists insurance to $60,000 for "ea. person/ea. acc." The language of this policy is, thus, not ambiguous. It offers coverage of $60,000 for each person, but the maximum for each accident is also $60,000. The same law firm represented both Wanda Lucius and Beverly Dorn, Lucius being the daughter of Dorn. Thus, counsel for both sides in this case were well aware when they settled the Wanda Lucius case that the policy limits had been exhausted. Respondent's attorney admitted at oral argument that, at the time of Lucius' settlement, Dorn's objective was to see her daughter compensated to the fullest. Her own claims were secondary to her at that time.

■ Almost 2 years later, Dorn filed a separate claim alleging that the policy also covered her for $60,000. Since the policy language, as noted, unambiguously limits recovery to $60,000 per accident, the basis for this claim can only be that applicable statutes prevent the first claimant from exhausting the policy limits. Minn.Stat. § 65B.49, subd. 4(1) (1978), effective at the date of this accident, stated in part as follows:

> No plan of reparation security may be renewed, delivered or issued * * * unless coverage is provided therein or supplemental thereto, in the amounts of *$25,000* because of injury to or the death of *one person* in any accident, *and subject to the said limit for one person, $50,000* because of bodily injury to or the death of *two or more persons* in any one accident * * *.

*Id.* (emphasis added).

There would be no reason to differentiate the limits of $25,000 for each person and $50,000 for each accident if the legislature intended that a single insured could collect the total policy limits and thus preclude all others from recovering. A 1985 statutory amendment clarifies this section further to make it clear that that was the legislative intent. In 1985, the subdivision above quoted was amended to read:

> The coverages combined, at a minimum, must provide limits of $25,000 because of injury to or the death of one person in

any accident and $50,000 because of injury to or the death of two or more persons in any accident. *In the case of injury to, or the death of, two or more persons in any accident, the amount available to any one person must not exceed the coverage limit provided for injury to, or the death of, one person in any accident.* For purposes of this subdivision, uninsured motorist coverage and underinsured motorist coverage shall be a single coverage.

Minn.Stat. § 65B.49, subd. 3a(1) (1986) (emphasis added) (Act of May 21, 1985, ch. 168, § 11, 1985 Minn.Laws 455, 458).

■ We agree with both lower courts that Wanda Lucius could not exhaust the policy limits, but that leaves open the question of what amount Dorn is entitled to collect. The trial court and the court of appeals, 392 N.W.2d 277, both held that she could collect $60,000, the amount specified in the policy as the limit for each person. Respondent's counsel cites our case of *Burgraff v. Aetna Life & Casualty Co.,* 346 N.W.2d 627 (Minn.1984), as authority. However, that case dealt with the determination of whether an insurance policy exclusion complied with the statute. It did not decide the question presented in this case: how an insurance policy is to be rewritten once it is found to violate the statute.

The court finds that the policy should be rewritten to require a $25,000 statutory coverage available to Dorn, not the $60,000 allowed by the trial court.

The court of appeals is thus affirmed in finding coverage, but reversed on awarding $60,000. The case is remanded to the trial court to allow Dorn to recover $25,000.