Allen L. CLARK, Jr., Appellant,

v.

**ALLSTATE INSURANCE COMPANY, Respondent.**

No. C8–86–1894.

Court of Appeals of Minnesota.

May 12, 1987.

Review Denied July 9, 1987.

Peter W. Riley, DeParq, Hunegs, Rudquist & Koenig, P.A., Minneapolis, for appellant.

R. Gregory Stephens, Meagher, Geer, Markham, Anderson, Adamson, Flaskamp & Brennan, Minneapolis, for respondent.

Heard, considered and decided by LANSING, P.J., and WOZNIAK and NIERENGARTEN, JJ.

## OPINION

LANSING, Judge.

Allen Clark Jr., insured under two Allstate automobile policies issued to his father, seeks underinsured motorist coverage for injuries suffered as a pedestrian. Clark settled his negligence action against the driver of the vehicle, also insured by Allstate, and then brought this action to recover damages in excess of the driver's residual liability limit. The trial court granted summary judgment, holding that the release executed by Clark in the negligence action did not bar the claim against Allstate for underinsured coverage and that the amount of coverage imposed for failure to make a mandatory offer was $25,000, the minimum amount of residual liability insurance required by law. Clark appeals the determination of the amount of coverage, and Allstate petitions for review on the effect of the release. We reverse and remand.

## FACTS

On October 25, 1977, Allen Clark Jr. was struck by a car driven by Roger Carpenter. Clark settled his negligence action against Carpenter by accepting payment of $97,000

of Carpenter's $100,000 Allstate insurance policy limit. As part of the settlement, Clark executed a release containing the following language:

[I]n consideration of the sum of $97,-000.00 * * * I do hereby release and forever discharge Roger D. Carpenter and any other person, firm or corporation charged or chargeable with responsibility or liability, their heirs, representatives and assigns, from any and all claims, demands, damages, costs, expenses, loss of services, actions and causes of action, arising from any act or occurrence up to the present time and particularly on account of all personal injury, disability, property damage, loss or damages of any kind already sustained or that I may hereafter sustain in consequence of an accident that occurred on or about the 25th day of October 1977, at or near the intersection of Archwood Road and the South Service Road of Highway 12, Minnetonka, Minnesota.

\* \* \* \* \* \*

I understand that the parties hereby released admit no liability of any sort by reason of said accident and that said payment and settlement in compromise is made to terminate further controversy respecting all claims for damages that I have heretofore asserted or that I or my personal representative might hereafter assert because of the said accident.

At the bottom of the release the following language was typed: THIS RELEASE HAS NO BEARING ON, NOR DOES IT AFFECT FUTURE CLAIMS MADE FOR NO–FAULT BENEFITS UNDER THE APPLICABLE ALLSTATE POLICIES.

Clark's injuries exceeded Carpenter's liability limit. As an insured under his father's Allstate policies, Clark brought this action to have underinsured motorist benefits implied into the policies under the now-repealed mandatory offer statute, Minn. Stat. § 65B.49, subd. 6(e) (1977 Supp.) (repealed 1980). Each policy has liability limits of $50,000 per person, $100,000 per accident. Allstate concedes that it did not offer Clark's father underinsured motorist benefits.

Both parties moved for summary judgment. Allstate contended that the release executed in the negligence action bars this action and, alternatively, that only $25,000 underinsured motorist coverage can be implied into each policy. Clark argued that implied underinsured benefits are equal to the insured's residual liability amount, $50,-000 per policy. The trial court determined that Clark's claim was not barred by the release, but limited the coverage to $25,000 per policy.

## ISSUES

1. Are there material fact issues on the effect of the release settling Clark's negligence action?

2. When an insurer fails to offer its insured underinsured coverage pursuant to Minn.Stat. § 65B.49, subd. 6 (1977 Supp.) (repealed 1980), what amount of coverage is implied?

## ANALYSIS

### I

The trial court concluded, as a matter of law, the release executed by Clark does not bar this proceeding because a release settling a negligence action cannot bar an action in contract. In our view of the applicable law, neither the release nor the record before the court permit that conclusion.

 The law encourages the settlement of disputes and generally presumes the validity of releases. *Jeffries v. Gillitzer,* 302 Minn. 402, 406, 225 N.W.2d 17, 20 (1975). A party may accept payment as full satisfaction of an injury and execute a release discharging all claims for that injury, not only against the releasees, but also against "all other persons, firms, or corporations" that will effectively bar any subsequent action for the same accident. *See Ruditis v. Gallop,* 162 F.Supp. 270, 273–74 (D.C.D.Minn.1958) (applying Minnesota law). However, the parties must have intended that result.

[C]onsiderations of practical justice require us to say that a plaintiff should not

be compelled to surrender his claim for relief * * * unless he has intentionally done so, or unless he has received full compensation for his claim. Of course, where full satisfaction has been made, or where it is agreed that the amount paid under the release is accepted in full satisfaction, no claim should remain * * *. But these are questions of fact to be resolved by the jury.

*Couillard v. Charles T. Miller Hospital,* 253 Minn. 418, 427, 92 N.W.2d 96, 102 (1958).

Allstate contended before the trial court that Clark clearly intended to release all claims, except claims for no-fault benefits. Allstate relies on the printed recital that Clark intended to release "Carpenter and any other person, firm or corporation" for "any and all claims" related to the accident. Clark, on the other hand, claimed that the scope of the release was intended to encompass only actions in negligence.

Although the distinction between the negligence claim and the underinsured benefits claim is probative on the issue of the scope of the release, the distinction is not conclusive. *But see Cingoranelli v. St. Paul Fire and Marine Insurance,* 658 P.2d 863 (Colo.1983). The language added to the bottom of the release referring to no-fault benefits injects additional uncertainty because it suggests either that insurance policies of Clark's father were not affected by the instrument, or that the release includes all claims except for no-fault benefits. The release is susceptible to different interpretations. *See Danelski v. King,* 314 N.W.2d 818 (Minn.1981).

■ Summary judgment is proper when there is no genuine issue of material fact in dispute and when a determination of the applicable law will resolve the controversy. Minn.R.Civ.P. 56.03. Here, the parties present different versions of the intended scope of the release, and the instrument itself is not determinative.[1] Material issues of fact remain, and summary judgment on this issue is not appropriate.

## II

■ Minn.Stat. § 65B.49, subd. 6 (1977 Supp.) (repealed 1980), required that insurers offer underinsured motorist coverage to their insureds:

*Mandatory offer; added coverage.* Reparation obligors shall offer the following optional coverages in addition to compulsory coverages:

 * * * * * *

(e) Underinsured motorist coverage offered in an amount at least equal to the insured's residual liability limits and also at lower limits which insured may select whereby the reparation obligor agrees to pay damages the insured is legally entitled to recover on account of a motor vehicle accident but which are uncompensated because the total damages exceed the residual bodily injury liability limit of the owner of the other vehicle.

If the offer is not made, coverage is implied by operation of law. We have previously held that when provisions are implied by law, only the statutory minimum coverage should be imposed. *Beukhof v. State Farm Mutual Automobile Insurance Company,* 371 N.W.2d 538, 542 (Minn. 1985).

■ Allstate argues that the statutory minimum in this case is the amount of residual liability insurance required by Minn.Stat. § 65B.49, subd. 3, which is $25,000 per person, $50,000 per accident. We disagree. Minnesota courts have consistently imposed underinsured coverage in an amount at least equal to the liability limits in the insured's policy. *See Murphy v. Milbank Mutual Insurance Co.,* 368 N.W.2d 753 (Minn.Ct.App.1985); *Frank v. Illinois Farmers Insurance Co.,* 336 N.W.2d 307 (Minn.1983); *Hastings v. United Pacific Insurance Co.,* 318 N.W.2d 849 (Minn.1982); *Holman v. All Nation Insurance Co.,* 288 N.W.2d 244 (Minn.1980).

---

**1.** We note that public policy is also a factor in determining the scope of a release. *Schmitt-Norton Ford, Inc. v. Ford Motor Co.,* 524 F.Supp. 1099, 1102 (U.S.D.Minn.1981; *see also Schmidt v. Clothier,* 338 N.W.2d 256 (Minn.1983) (Minnesota public policy does not favor extension of release to preclude underinsured recovery).

These holdings are consistent with the statute. Minn.Stat. § 65B.49, subd. 6 (1977 Supp.), contemplates underinsured coverage in amounts lower than an insured's liability limits only when the required mandatory offer has been made and the insured chooses lower coverage. Clark is entitled to underinsured coverage of $50,000 per person, $100,000 per accident, on each of his two automobile insurance policies.

### DECISION

The intended scope of a release is a factual question which precludes summary judgment. Underinsured coverage is imposed in an amount equal to the amount of liability coverage carried on each of the automobile insurance policies.

Reversed and remanded.