**Kenneth Cornelius OSTERDYKE, Respondent,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant.**

**No. C6–87–365.**

Court of Appeals of Minnesota.

Aug. 25, 1987.

Wilbur W. Fluegel, Sieben, Grose, Von Holtum & McCoy, Ltd., Minneapolis, for respondent.

Robert E. Salmon, Meagher, Geer, Markham, Anderson, Adamson, Flaskamp & Brennan, Minneapolis, for appellant.

Considered and decided by NIERENGARTEN, P.J., and FOLEY and RANDALL, JJ., with oral argument waived.

## MEMORANDUM OPINION

FOLEY, Judge.

This case specifically addresses the amount of underinsured motorist coverage imposed upon an insurer who fails to make a mandatory offer of such coverage pursuant to Minn.Stat. § 65B.49, subd. 6(e) (Supp.1977) (repealed by 1980 Minn.Laws ch. 539, § 7).

## FACTS

We have considered this case once before. In *Osterdyke v. State Farm Mutual Automobile Insurance Co.*, 371 N.W.2d 30, 35 (Minn.Ct.App.1985), *pet. for rev. denied* (Minn. Sept. 26, 1985) (*Osterdyke I*), we held a subsequent inadequate offer of underinsurance "tainted" the misleading, but legally sufficient, mandatory offer of coverage previously made.

Following *Osterdyke I*, respondent Kenneth Cornelius Osterdyke amended his complaint to recover underinsured benefits in an amount equal to the liability limits of his policy. Appellant State Farm Mutual Automobile Insurance Company claimed underinsured coverage should be imposed only in an amount equal to the minimum statutory coverage allowed. The parties stipulated respondent sustained damages in excess of $150,000. The trial court entered judgment in favor of respondent in an amount equal to the liability limits on respondent's three vehicles. We affirm.

## ANALYSIS

The parties agree *Clark v. Allstate Insurance Co.*, 405 N.W.2d 463 (Minn.Ct.App.1987), *pet for rev. denied* (Minn. July 9, 1987), is controlling. In *Clark*, we held an insurer's failure to offer underinsurance coverage as required by Minn.Stat. § 65B.49, subd. 6(e) (Supp.1977) (repealed by 1980 Minn.Laws ch. 539, § 7), results in imposition of coverage in an amount equal to the liability limits of insured's policy. *Id.* at 466–67.

## DECISION

In accordance with *Clark*, respondent is entitled to recover an amount equal to the liability limits on each of his three automobile policies, for a total of $150,000.

Affirmed.